**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

FRANK TRAMMEL,

      Plaintiff,

             v.

FIFTH THIRD BANK,

      Defendant.

Case No. 1:26cv270

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on the Report and Recommendation ("R&R") filed by the Magistrate Judge on June 9, 2026.  (Doc. 12).  Proper notice was given to Plaintiff (who proceeds *pro se*) under 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. P. 72(b), including notice that he may forfeit rights on appeal if he failed to file objections to the R&R in a timely manner.  *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *see Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Plaintiff has filed a document titled "Trust Notice Response" within the objection period.  It reads:

> **TO BE CLEAR WE UNDERSTAND FORMA PAUPERIS:** In forma pauperis (Latin for "in the form of a pauper") is a legal principle that allows individuals who cannot afford court fees to file a lawsuit or appeal without prepaying the usual costs. **THE PURPOSE OF WAIVER FORMS IS TO PROVIDE REASON WHY PAYMENT CAN NOT BE MADE. WHICH I LISTED THERE AND WILL LIST HERE: ALL EXTRA MONEY AFTER ALL BILLS GOES STRAIGHT TO PAYING OFF $1,000,000.00 SECURITY AGREEMENT LIEN. WHICH IS PROOF ENOUGH TO WAIVER COURT FEES AND PROCEED WITH THE CASE.**

(Doc. 13 PAGEID 52 (bold & underline emphasis in original)).

**Standard**.  When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to."  Fed. R. Civ. P. 72(b)(3) (italics emphasis added).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1).

1

**Analysis.**  After reviewing the income and expenses listed on his application, the Magistrate Judge observed that she was "unable to conclude from Plaintiff's declaration that his household income is insufficient to provide himself with the necessities of life and still have sufficient funds to pay the full filing fee of $405.00 in order to institute this action." (Doc. 12 PAGEID 49–50).  Accordingly, she recommends that his motion(s) to proceed *in forma pauperis* be denied.  (*Id.* PAGEID 50).  In support, the Magistrate Judge references two other (very recent) district court cases in which Plaintiff was denied leave to proceed *in forma pauperis* "based on near identical application[s] detailing the same household income and average monthly expenses[.]"  (*Id.* PAGEID 50 (citing *Trammell v. Kohls*, No. 2:26-cv-421 (E.D. Wis. Apr. 20, 2026) (Doc. 6) & *Trammell v. US Comm'n Credit Union*, No. 3:26-cv-380 (M.D. Tenn. June 3, 2026) (Doc. 10))).

Question 11 asks the applicant to "[p]rovide any other information that will help explain why you cannot pay the costs of these proceedings." (Doc. 10 PAGEID 41).  Plaintiff responded, "ALL EXTRA MONEY AFTER ALL BILLS GOES STRAIGHT TO PAYING OFF $1,000,000.00 SECURITY AGREEMENT LIEN." (*Id.*).  Plaintiff repeats his response in his objection, adding that this circumstance "**IS PROOF ENOUGH TO WAIVER COURT FEES AND PROCEED WITH THE CASE.**" (Doc. 13 PAGEID 52 (bold emphasis in original)).

It is well established that "[a]n 'objection' that does nothing more than state a disagreement with a magistrate[ judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *Renchen v. Comm'r of Soc. Sec.*, No. 1:13-cv-752, 2015 WL 1097349, at *6 (S.D. Ohio Mar. 11, 2015) (plaintiff's objection "is an almost verbatim recitation of the argument presented to and considered by the Magistrate Judge" and therefore need not be reconsidered) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)).  Under *Alrich* and *Renchen*, Plaintiff's objection is properly overruled.

One must be mindful that "[p]roceeding IFP is a privilege, not a right." *Kerr v. Winters*, No. 3:26 CV 774, 2026 WL 1261978, at *1 (N.D. Ohio May 8, 2026) (citing *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998)).  "And the decision to grant or deny an application to proceed IFP 'lies within the sound

2

discretion of the district court.'" *Id.* (quoting *Flippin v. Coburn*, 107 F. App'x 520, 521 (6th Cir. 2004)); *see Wojt v. Trump*, No. 23-cv-12454, 2023 WL 6627966, at *1 (E.D. Mich. Oct. 11, 2023) (citing *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986)).  Although Plaintiff signed his application "under penalty of perjury," his statement that "all extra money after all bills" is paid toward satisfying a $1 million obligation is not only unsubstantiated but also inconsistent with the other financial information he provides.[1]  Without credible or plausible information at hand, the Court cannot fulfill its obligation to further assess whether Plaintiff can pay the filing fee and continue to provide for "the necessities of life."  *See Kerr*, 2026 WL 1261978, at *1–2 (citing, *inter alia*, *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).  Plaintiff's motion, therefore, is rightly denied.

**Conclusion.**  Plaintiff's "Trust Notice Response" (Doc. 13), which the Court has construed as an objection, is **OVERRULED** and the R&R (Doc. 12) of the Magistrate Judge is hereby **ACCEPTED** and **ADOPTED.**  Consistent with the recommendation by the Magistrate Judge, Plaintiff's motion to proceed *in forma pauperis* (Doc. 10) is **DENIED.**[2]  Plaintiff must pay the required $405.00 filing fee no later than 30 days from the date of this Order.  Plaintiff is **ADVISED** that his signed Complaint (Doc. 11) will not be deemed "filed" until this fee is paid.[3]  Plaintiff is **FURTHER ADVISED** that a failure to pay this fee within the prescribed 30-day period will result in this matter being closed and terminated from the Court's active docket.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
JUDGE MICHAEL R. BARRETT

---

[1] The Court finds it inconceivable that a creditor would lend $1,000,000 to a borrower with a monthly income stream of (at most) $5,000.

[2] Plaintiff's two prior (unsigned) motions to proceed *in forma pauperis* (Docs. 6, 9) are likewise **DENIED.**

[3] *See Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).

3